UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STEFANIE MARVIN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KIA AMERICA, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendants Kia America, Inc. ("Kia"), Hyundai Motor America ("Hyundai"), and Hyundai America Technical Center, Inc. ("HATCI") (collectively "Defendants"), hereby provide notice of removal of a state court civil action titled *Marvin, et al., v. Kia America, Inc., et al.*, No. 2021CV003759, from the Circuit Court of Milwaukee County, Wisconsin (the "State Court Action"), to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.

**I.   STATE COURT ACTION**

On June 23, 2021, Plaintiffs Stefanie Marvin and Katherine Wargin ("Plaintiffs") filed the State Court Action in the Circuit Court of Milwaukee County, Wisconsin. The complaint was filed under seal. An identical copy of the complaint was served with summons on Kia, Hyundai, and HATCI on September 20, 2021. Unredacted copies of the complaint and summons are being filed under seal as Exhibit A, pursuant to the sealing order entered in the State Court Action and in conformance with this court's procedure for the electronic filing of sealed documents. A redacted copy of the complaint with just the caption and the signature page visible is attached hereto as Exhibit B as a publicly filed version of the complaint.

No substantive matters have been addressed in the State Court Action, and only a motion to seal the complaint has been heard, and granted *ex parte*. The motion to seal, proposed order, and signed order are attached as Exhibit C. A "confidential disclosure of information to be sealed or redacted" form, which was filed under seal in the State Court Action, is attached as Exhibit D. Pursuant to 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders that have been filed in the State Court Action are attached hereto as Exhibit E.

The complaint alleges that certain vehicles manufactured or sold by Defendants contained design defects, which criminals took advantage of in order to steal vehicles owned by Plaintiffs. (*See* Ex. A, Compl. ¶¶ 33–86.) Based on those allegations, Plaintiffs assert three grounds for relief: (1) a violation of WIS. STAT. § 895.047, alleging design defects (Count I, *id.* ¶¶ 134–157), (2) a post-sale failure to warn based on the alleged design defects, (Count II, *id.* ¶¶ 158–177), and (3) declaratory judgment pursuant to WIS. STAT. § 806.04 (Count III, *id.* ¶¶ 178–192.)

Plaintiffs seek to represent a class. Plaintiff's proposed class includes "[a]ll persons residing in Wisconsin who purchased or leased a Class Vehicle," as well as two sub-classes: (1) "[a]ll persons residing in Wisconsin who purchased or leased a Class Vehicle that was stolen, which required that person to satisfy a deductible on an auto-insurance policy to have the car repaired and/or replaced," and (2) "[a]ll adult persons residing in Milwaukee, Wisconsin whose safety is affected as a result of this 'epidemic' and whose insurance premiums have or will increase as a result of the ease with which the Class Vehicles can be stolen." (*Id.* ¶ 121.)

In their prayer for relief, Plaintiffs seek: "(A) Certification of the Class and/or Sub-Class(es) under Section 803.08(3) of the Wisconsin Statutes; (B) Appointment of Plaintiffs as class representatives and the undersigned counsel as class counsel as well as pre-certification interim counsel; (C) An order that Defendants disgorge all monies, revenues, and profits they wrongfully

2

Case 2:21-cv-01146-PP   Filed 10/05/21   Page 2 of 9   Document 1

obtained as a result of their acts and practices alleged in this complaint; (D) That the Court award Plaintiffs and the Class compensatory and/or restitutionary damages; (E) That the Court award Plaintiffs and the Class punitive and/or exemplary damages in accordance with applicable law; (F) That the Court award Plaintiffs and the Class costs and attorneys' fees incurred in connection with prosecuting this action; and (G) That the Court award any other relief it deems just and equitable under the circumstances." (*Id.* at 42–43.)

## II. GROUNDS FOR REMOVAL

### A. This action is removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.

Section 1441(a) of the United States Code provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the district courts of the United States have original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b).

Pursuant to Section 1332(d), removal of this action is proper because the district courts of the United States have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant ("minimal diversity"); and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2) and (5); *see also Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 547, 89 (2014) (noting that CAFA's "provisions should be read broadly.")[1]

---

[1] By demonstrating that this matter is removable under 28 U.S.C. § 1332(d), Defendants do not waive, and expressly reserve, their arguments that there is no basis to certify a class in this matter.

As demonstrated below, all three conditions are met in this action, and therefore the action is removable under 28 U.S.C. § 1332(d).

> **1.   The putative class consists of 100 or more persons and the amount in controversy exceeds $5,000,000.**

CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). In the complaint, Plaintiffs seek class certification pursuant to Wisconsin state law (*see* Ex. A, Compl. ¶¶ 121–133), which requires that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if the court finds all of the following: (a) The class is so numerous that joinder of all members is impracticable. (b) There are questions of law or fact common to the class. (c) The claims or defenses of the representative parties are typical of the claims or defenses of the class. (d) The representative parties will fairly and adequately protect the interests of the class." WIS. STAT. § 803.08(1). These requirements were implemented "with the stated purpose of aligning the statute with the federal class action Federal Rules of Civil Procedure Rule 23." *See Harwood v. Wheaton Franciscan Servs., Inc.*, 933 N.W.2d 654, 657 n.4 (Wis. Ct. App. 2019). WIS. STAT. § 803.08 is therefore a "similar State statute" under CAFA.

Plaintiffs' proposed class of similarly situated individuals includes "[a]ll persons residing in Wisconsin who purchased or leased a Class Vehicle." (Ex. A, Compl. ¶ 121.) Plaintiffs allege that "Defendants flooded the market with vehicles containing several design defect, which has been catastrophic to the welfare of thousands of residents across the greater Milwaukee area." (*Id.* ¶ 32.) The vehicles in the putative class include a decade of Kia and Hyundai vehicles "comprising . . . those manufactured between 2011 to present." (*Id.* ¶ 33.) The complaint identifies "[t]he cost

4

Case 2:21-cv-01146-PP   Filed 10/05/21   Page 4 of 9   Document 1

to repair . . . a Class Vehicle" as "$3000 or more" and notes that in some instances costs "may total as much as $10,000." (*Id.* ¶ 87.) For the first four months of 2021, the complaint identifies 1,920 Kia or Hyundai vehicles as stolen vehicles, (*Id.* ¶ 81), and further alleges that the numbers "raged on." (*Id.* ¶ 83.) The complaint identifies the above costs plus "increased insurance premiums," (*Id.* ¶ 90), plus the alleged "diminution in value," (*Id.* ¶ 90), for a class "composed of thousands of members dispersed through the state of Wisconsin." (*Id.* ¶ 123.) Plaintiffs seek "compensatory and/or restitutionary damages," "punitive and/or exemplary damages," and that Defendants "disgorge all monies, revenues, and profits they wrongfully obtained as a result of their acts and practices alleged in the Complaint." (*Id.* at 43.)

Thousands of class members multiplied by thousands of dollars in alleged damages clearly results in aggregated alleged damages substantially exceeding the CAFA jurisdiction requirement that the matter in controversy exceed, in the aggregate, $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). As such, the amount in controversy in this case exceeds the threshold requirement, giving the district courts of the United States jurisdiction over this matter. *See* 28 U.S.C. § 1332(d)(2); *see also*, *Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.")

### 2. The parties are minimally diverse.

The parties in this action are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiffs alleges that they are citizens of Wisconsin, and the class is composed of Wisconsin residents. (Ex. A, Compl. ¶¶ 6, 7, 121.) Kia is a "foreign corporation whose principal place of

5

Case 2:21-cv-01146-PP   Filed 10/05/21   Page 5 of 9   Document 1

business is located at 111 Peters Canyon Road, Irvine, California, 92606." (*Id.* ¶ 8.) Hyundai is a "foreign corporation whose principal place of business is located at 10550 Talbert Avenue, Fountain Valley, California 92708." (*Id.* ¶ 9.) HATCI is a "foreign corporation whose principal place of business is located at 6800 Geddes Road, Superior Township, Michigan 48198." (*Id.* ¶ 10.) Defendants therefore are citizens of California and Michigan for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"). Therefore, as pled by Plaintiffs, the parties are minimally diverse under CAFA.

### B. CAFA exceptions do not bar removal.

Sections 1332(d)(4), (d)(9), and 1453(d) of the United States Code list exclusions to removal jurisdiction. This action does not fall within those exclusions. Section 1332(d)(4) bars district courts from exercising jurisdiction over a class action when, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Section 1332(d)(4)(B) similarly excludes from district court jurisdiction cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). This action does not fall within the exclusions to removal jurisdiction described in these sections because, as demonstrated above, all of the Defendants are citizens of states other than Wisconsin. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.")

The exceptions to CAFA removal jurisdiction in Sections 1332(d)(9) and 1453(d) apply to matters that arise under the Securities Act of 1933 or the Securities Exchange Act of 1934. 28 U.S.C. § 1332(d)(9); 28 U.S.C. § 1453(d). This action was not brought pursuant to either of those Acts, and therefore those exceptions do not apply.

### C. Venue is proper.

The Eastern District of Wisconsin, is the proper venue for this action upon removal because this "district and division embrac[e]" the Circuit Court of Milwaukee County. *See* 28 U.S.C. § 1441(a).

### D. Defendants have satisfied all other requirements of the removal procedure.

This Notice of Removal is timely filed. Defendants were all served with a copy of the complaint and summons on September 20, 2021, and Defendants filed and served this Notice of Removal within 30 days of service of the Complaint, in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a). *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.") As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants are being filed herewith as Exhibits A, C, D, and E. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve on Plaintiffs and file with the Circuit Court of Milwaukee County a "Notice of Filing of Notice of Removal." Defendants will also include a certificate of service pursuant to Federal Rule of Civil Procedure 5(d).

## III. RESERVATION OF RIGHTS AND DEFENSES

Defendants hereby reserve all of their defenses and rights, and nothing in this petition of removal should be construed as in any way conceding the truth of any of Plaintiffs' allegations or waiving any of Defendants' defenses. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.")

WHEREFORE, Defendants hereby remove this action to this Court on the basis of the Court's original jurisdiction over the action under CAFA.

Dated: October 5, 2021

Respectfully submitted,

KIA AMERICA, INC., HYUNDAI MOTOR AMERICA, and HYUNDAI AMERICA TECHNICAL CENTER, INC.

By: /s/ Michael T. Brody
*One of their attorneys*

Michael T. Brody
Peter J. Brennan (application for admission forthcoming)
Vaughn E. Olson (application for admission forthcoming)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
MBrody@jenner.com
PBrennan@jenner.com
VOlson@jenner.com

**CERTIFICATE OF SERVICE**

I, Michael T. Brody, hereby certify that a true and correct copy of the foregoing Notice of Removal was served this 5th day of October, 2021 upon:

James B. Barton
Joshua S. Greenberg
BARTON LEGAL S.C.
313 N. Plankinton Ave., Ste. 207
Milwaukee, WI 53203
(414) 877-0690
jbb@bartonlegalsc.com
jsg@bartonlegalsc.com

by electronic mail and via U.S. First Class Mail.

/s/ <i>Michael T. Brody</i>