UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

STEFANIE MARVIN, *et al.*,

*On Behalf Of Themselves And All Others Similarly Situated*,

Plaintiffs,

v.

KIA AMERICA, INC., *et al.*

Defendants.

Case No.: 2:21-cv-01146-PP

## PLAINTIFFS' MOTION AND SUPPORTING MEMORANDUM TO JOIN ADDITIONAL CLASS REPRESENTATIVES

NOW COME Plaintiffs, Ms. Stefanie Marvin and Ms. Katherine Wargin (together, "Plaintiffs"), by and through their attorneys, Barton Legal S.C., on behalf of themselves and all others similarly situated, respectfully move the Court to join Mr. Chaid Przybelski, Mr. Chad Just, Ms. Amy Flasch, and Ms. Lydia Davis (collectively, the "Proposed Class Representatives") as additional class representatives in this action pursuant to Rules 15(a)(1)(A) & 20(a)(1) of the Federal Rules of Civil Procedure (the "Rules"). The Proposed Class Representatives are absent class members of the Class, as defined in Plaintiffs' Amended Complaint, which is being filed herewith. As grounds for this motion, Plaintiffs offer the following Memorandum in Support of Joinder.

### MEMORANDUM IN SUPPORT OF JOINDER

Rule 20(a)(1) governs permissive joinder of plaintiffs, through which parties may join in a single action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "The standard for permissive joinder under Rule 20 is liberal." *Eclipse Mfg. Co. v. M and M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007). The rule "should be construed in light of its purpose, which is to 'promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Cross v. Prompt Medical Transp., Inc.*, No. 2:15-CV-58-PRC, 2015 WL 6674836, at *1 (N.D. Ind. Nov. 2, 2015) (quoting *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000)); *see also Hohlbein v. Heritage Mut. Ins. Co.*, 106 F.R.D. 73, 78 (E.D. Wis. 1985) ("The unmistakable purpose for [Rule 20(a)] is to promote trial convenience through avoidance of multiple lawsuits, extra expense to the parties, and loss of time to the Court and the litigants appearing before it.").

Parties should be joined to a suit upon a showing of the two elements enumerated in Rule 20(a)(1)(A) and (B), *supra*. *Eclipse Mfg. Co.*, 521 F. Supp. 2d at 744 (citing *Harris v. Spellman*, 150 F.R.D. 130, 131 (N.D. Ill. 1993)); *see also Sieron v. Hanover Fire and Cas. Ins. Co.*, 485 F. Supp. 2d 954, 957–58 (S.D. Ill. 2007) (describing the two elements as "transactional relatedness" and "factual commonality"); *Malibu Media, LLC v. John Does 1–14*, 287 F.R.D. 513, 519 (N.D. Ind. 2012) (identifying the same elements for joining parties as defendants under Rule 20(a)(2) and explaining that federal policy favors joinder) (collecting cases).

When considering the first, "transactional relatedness" element, courts use a "case-by-case approach" to determine whether the claims of a party seeking joinder are "logically related" to the action, so as to constitute a single or series of transactions or occurrences. *McLernon v. Source Intern., Inc.*, 701 F. Supp. 1422, 1425 (E.D. Wis. 1988)); *see also Cross*, *supra* ("Although 'transaction or occurrence' is not defined in Rule 20(a), courts interpret this term as 'comprehend[ing] a series of

2

many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'") (quoting *Lozada v. City of Chicago*, No. 10 C 1019, 2010 WL 3487952, at *2 (N.D. Ill. Aug. 30, 2010)). Factors relevant to this inquiry include whether "the alleged conduct occurred during the same general time period, involved the same people and similar conduct, and implicated a system of decision-making or widely-held policy." *Id.* To satisfy the second, "factual commonality" element, the party seeking to be joined need only show that at least one question of law or fact is common to all plaintiffs, and the question need not predominate. *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011).

Plaintiffs originally filed a putative class action in the Milwaukee County Circuit Court on June 23, 2021. (Dkt. # 1-2.) Since commencing suit, Plaintiffs intended to file an Amended Complaint to include additional class representatives and assert additional claims, some of which are being brought through Plaintiffs and the Proposed Class Representatives, while others are only being brought through the Proposed Class Representatives. Had the case remained in state court, Plaintiffs had six months to amend as a matter of right. Wis. Stat. § 802.09(1).

Defendants Kia America, Inc., Hyundai Motor America, and Hyundai America Technical Center, Inc. ("Defendants") were served on September 20, 2021 and removed the action to this Court on October 5, 2021. (Dkt. # 1, at 1.) As such, the Rules permit amendment once as a matter of right within 21 days of serving the original complaint, or October 11, 2021. Fed. R. Civ. P. 15(a)(1)(A). On October 8, 2021, however, the parties moved the Court to approve a stipulated schedule, which extended Plaintiffs' deadline to file an amended complaint to November 4. (Dkt. ## 3-5.) Thus, the amendment is proper under Rule 15 and, as demonstrated below, the Proposed Class Representatives meet the elements of Rule 20(a)(1) to be joined in this action.

*First*, Plaintiffs and the Proposed Class Representatives' claims arise out of the same or a series of transactions or occurrences. As the Amended Complaint details, Plaintiffs and the Proposed Class Representatives are all purchasers and/or lessees of Class Vehicles containing the Defect.[1] They are also all victims of Milwaukee's car theft "epidemic," which has enveloped the City this past year. Their vehicles were all stolen—and in some cases totaled—in the Milwaukee metropolitan area over the past year. Further, Plaintiffs and the Proposed Class Representatives' vehicles were stolen in the same manner and sustained the same or similar damage. Thus, their claims are "logically related" to warrant joinder.

*Second*, Plaintiffs and the Proposed Class Representatives' shared circumstances give rise to common questions of law or fact, including whether: (i) Defendants designed and manufactured the Class Vehicles with the Defect; (ii) this Defect rendered the Class Vehicles susceptible to theft; and (iii) there was an alternative design Defendants could have implemented to render the Class Vehicles less susceptible to theft, among many others. The fact that any one of these issues is common among Plaintiffs and the Proposed Class Representatives is enough to permit joinder in this case.

## CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court grant their motion to join Chaid Przybelski, Chad Just, Amy Flasch, and Lydia Davis as additional class representatives in this action.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

---

[1] The terms "Class Vehicle" and "Defect" are defined in Plaintiffs' Amended Complaint. (*See* Am. Compl., ¶¶ 94–95.)

Dated this 4th day of November, 2021.

**BARTON LEGAL S.C.**

*/s/ Electronically Signed By James B. Barton*
James B. Barton
Email: *jbb@bartonlegalsc.com*
Joshua S. Greenberg
Email: *jsg@bartonlegalsc.com*
313 North Plankinton Ave., Ste. 207
Milwaukee, WI 53203
T: (414) 877–0690
F: (414) 877–3039

*Counsel for Plaintiffs, Stefanie Marvin, Katherine Wargin, the Proposed Class, and Proposed Class Representatives, Chaid Przybelski, Chad Just, Amy Flasch, and Lydia Davis*