UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

STEFANIE MARVIN,
and KATHERINE WARGIN,
*on behalf of themselves and all other similarly situated*,

           Plaintiffs,

                              Case No. 21-cv-1146-pp

  v.

KIA AMERICA, INC.,
HYUNDAI MOTOR AMERICA,
and HYUNDAI AMERICA TECHNICAL CENTER, INC.,

           Defendants.

_____

**ORDER GRANTING PLAINTIFFS' MOTION TO ADD CLASS REPRESENTATIVES (DKT. NO. 10), GRANTING PLAINTIFFS' MOTION TO RESTRICT AMENDED COMPLAINT (DKT. NO. 11), GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE REDACTED AMENDED COMPLAINT (DKT. NO. 27) AND SCHEDULING HEARING ON DEFENDANTS' MOTIONS TO DISMISS (DKT. NOS. 19, 21)**

_____

On June 23, 2021, the plaintiffs filed a putative class action in Milwaukee County Circuit Court after Milwaukee saw a record rise in the number of vehicles stolen in the community. Dkt. No. 1-2 at ¶2. According to the complaint, Kia and Hyundai represent 66% of all auto thefts in Milwaukee. Id. The plaintiffs allege that the defendants knew of the design defects that made their cars easier to steal. Id. at ¶3. On October 5, 2021, the defendants filed a notice of removal from state court, asserting that the case was removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§1332(d) and 1453. Dkt. No. 1. Soon thereafter, the plaintiffs filed a motion to join

1

additional class representatives, dkt. no. 10; an amended complaint, dkt. no. 12; a motion to restrict the amended complaint, dkt. no. 11; and a motion for leave to file a redacted amended complaint, dkt. no. 27. The defendants since have filed two motions to dismiss: one motion filed by the two car manufacturers and the other motion filed by Hyundai America Technical Center, Inc. Dkt. Nos. 19, 21. The court will grant the plaintiffs' motions and will schedule a hearing on the defendants' motions to dismiss.

I.  **Plaintiffs' Motion to Add Party Proposed Class Representatives (Dkt. No. 10)**

On November 4, 2021, the plaintiffs filed a motion to join Chaid Przybelski, Chad Just, Amy Flasch and Lydia Davis as additional class representatives under Federal Rules of Civil Procedure 15(a)(1)(A) and 20(a)(1). Dkt. No. 10 at 3. The plaintiffs argue that "the amendment"—presumably an amended complaint to add these representatives—is proper under Rule 15 because the rule allowed them to amend once as a matter of right twenty-one days after serving the original complaint and the parties entered into a stipulated schedule extending the deadline for the plaintiffs to file an amended complaint to November 4, 2021. Id. at 3. The plaintiffs assert that they satisfy the requirements for permissive joinder because the claims arise out of the same transactions or occurrences. Id. at 4. They assert that all named plaintiffs purchased or leased the class vehicles with the alleged defects, all are victims of Milwaukee's car theft "epidemic," and all vehicles were stolen (or totaled) in the same way and sustained similar damage. Id. In addition, the plaintiffs also allege that they share common questions of law or fact "including whether:

2

(i) Defendants designed and manufactured the Class Vehicles with the Defect; (ii) this Defect rendered the Class Vehicles susceptible to theft; and (iii) there was an alternative design Defendants could have implemented to render the Class Vehicles less susceptible to theft, among many others." Id. The defendants did not respond to the motion.

Rule 15(a)(1) allows a plaintiff to amend once as a matter of course within twenty-one days after serving the complaint or, if a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after a motion under Rule 12(b), (e) or (f). Fed. R. Civ. P. 15(a)(1). The plaintiffs served the defendants on September 20, 2021, the defendants removed the case on October 5, 2021 and the parties stipulated to an extension to file an amended complaint on November 4, 2021. Not only is the motion unopposed, but it satisfies the requirements for permissive joinder under Rule 20. The events arise out of the same occurrence—the alleged defects that the plaintiffs say contributed to the thefts and resulting damage to the vehicles. They also raise common questions of fact and law. They call into question the same alleged manufacturing and design defects and the same alternative designs available to each defendant. The court will grant the unopposed motion for joinder and allow the plaintiff to proceed on the amended complaint (which the defendants already have moved to dismiss).

## II. Plaintiffs' Motion to Restrict Amended Complaint (Dkt. No. 11) Plaintiffs' Motion for Leave to File Redacted Complaint (Dkt. No. 27)

On the same day that the plaintiffs filed the amended complaint (Dkt. No. 12), they filed a motion to restrict the amended complaint. Dkt. No. 11. The

3

Case 2:21-cv-01146-PP   Filed 05/31/22   Page 3 of 6   Document 34

plaintiffs explain that Milwaukee is experiencing an auto theft epidemic, with 8,432 auto thefts in 2021 (up from 3,100 thefts in 2020). Id. at 2. At issue are the vehicles manufactured by Kia and Hyundai, which the plaintiffs allege contain a combination of defects that make them susceptible to theft. Id. The plaintiffs include in the amended complaint details about the specific nature of the defect, how the vehicles are stolen and the existence of alternative designs that would have prevented the thefts. Id. The plaintiffs fear that making such information public will only exacerbate the problem. Id. The Milwaukee County Circuit Court had sealed the original complaint and the parties stipulated to a briefing schedule to address any necessary redactions to the amended complaint. Id. at 3. To comply with the rules, the plaintiffs consulted with the clerk's office and filed two versions of the amended complaint but asked that both be restricted until the parties could discuss the proposed redactions. Id. at 4.

On February 16, 2022, the plaintiffs filed their motion to approve the filing of the redacted amended complaint. Dkt. No. 27 at 1. The plaintiffs explained that the parties reached an agreement regarding the scope of the redactions and asked the court to approve the stipulation. Id. at 1, 2. The plaintiffs argue that there is a good cause for the redactions because "the redacted portions of the Amended Complaint either depict in pictures or describe in words the various steps that, when pieced together, can be undertaken to steal certain vehicles described in the Amended Complaint." Id. at 2.

The court appreciates the parties' efforts to stipulate to the redactions. Nevertheless, the court still must review the request to restrict and file the redactions because documents may be restricted from public access only for good cause. General Local Rule 79(d) (E.D. Wis.). The agreement of the parties is insufficient to warrant restricting documents from the public because the long-standing tradition in this country is that litigation is open to the public. Union Oil Co. of Cal. v. Leavell, 220 F.3d 562, 567 (7th Cir. 2000). A motion to restrict "should be limited to that portion of the material necessary to protect the movant from harm that may result from disclosure, e.g., the fact that a single page or paragraph of a document contains confidential material generally will not support a motion to seal the entire document." Comment to Gen. L.R. 79. To the extent possible, the movant should file a version of the document or material that redacts only those portions of the document that are subject to the sealing requirement. Gen. L.R. 79(d)(2).

The plaintiffs are asking that the amended complaint be restricted to the parties and that they be able to file the redacted version that they have agreed upon. Having reviewed the 168-page amended complaint and the proposed redactions, the court is satisfied that the parties have made sufficient effort to narrowly tailor the redactions to prevent the disclosure of the design defect that allegedly makes it easy to steal the Kia and Hyundai cars. While some of this information could be discovered through an internet search, not all of it appears to be publicly available or consolidated into a single document. The

court finds that the parties have established good cause for restricting the amended complaint and for filing a redacted version of the same.

### III. Conclusion

The court **GRANTS** the plaintiffs' motion to join additional class representatives. Dkt. No. 10. The court **ORDERS** the Clerk of Court to add Chaid Przybelski, Chad Just, Amy Flasch and Lydia Davis to the docket as plaintiffs.

The court **GRANTS** the plaintiffs' motion to restrict the amended complaint. Dkt. No. 11. The court **ORDERS** that the amended complaint at Dkt. No. 12 remain **RESTRICTED** to case participants and the court.

The court **APPROVES** the parties' stipulation to file a redacted amended complaint and **GRANTS** the plaintiffs' motion to file redacted amended complaint. Dkt. No. 27. The court **ORDERS** the plaintiffs to file the redacted version of the amended complaint, along with the unredacted versions of Exhibits A-S (currently filed as dkt. nos. 12-2 to 12-20).

The court **ORDERS** that the parties must appear for a telephonic motion hearing on **September 6, 2022 at 3:00 PM** to address the defendants' motions to dismiss. Dkt. Nos. 19, 21. The parties are to appear by calling the court's conference line at 888-557-8511 and entering access code 4893665#.

Dated in Milwaukee, Wisconsin this 31st day of May, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**