UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: KIA HYUNDAI VEHICLE
THEFT LITIGATION                                                                    MDL No. 3052

**TRANSFER ORDER**

**Before the Panel:**[*]  Plaintiffs in a Central District of California action (*McNerney*) move under 28 U.S.C. § 1407 to centralize this litigation in the Central District of California. This litigation involves allegations that certain Hyundai and Kia vehicles are unduly susceptible to theft. Plaintiffs' motion includes sixteen actions pending in fourteen districts, as listed on Schedule A, as well as 34 potentially-related actions.[1]

No party opposes centralization of this litigation, but the parties disagree considerably over selection of the transferee district. Plaintiffs in the Western District of Missouri *Bissell* action and five potential tag-along actions support centralization in the Central District of California. Plaintiff in *Bissell* alternatively suggests a Western District of Missouri transferee district. Plaintiffs in ten actions and two potential tag-along actions support centralization in the Western District of Missouri or, alternatively, the Eastern District of Wisconsin or the Northern District of Illinois. Plaintiffs in the Northern District of Ohio *Slovak* action suggest centralization in the Northern District of Ohio. Plaintiffs in the Eastern District of Michigan *DeKam* potential tag-along action support centralization in the Eastern District of Michigan. Plaintiffs in the first-filed Eastern District of Wisconsin *Marvin* action and a Central District of California potential tag-along action suggest centralization in the Eastern District of Wisconsin or, alternatively, the Central District of California. Plaintiffs in the Northern District of Illinois *Givens* potential tag-along action support centralization in the Northern District of Illinois or, alternatively, the Eastern District of Pennsylvania. Plaintiffs in the Eastern District of Pennsylvania *Alston* potential tag-along action support centralization in the Eastern District of Pennsylvania.

---

[*] Judge Madeline Cox Arleo took no part in the decision of this matter. Additionally, certain Panel members who may be members of the putative classes in this litigation have renounced their membership in these classes and participated in this decision.

[1] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2. Further, at oral argument, some parties expressed their tentative view that personal injury actions should not be included in this litigation. Because the issue of whether to include such actions in this MDL is not squarely before us now, we will address it in the conditional transfer order process.

Defendants Kia America Inc, Hyundai Motor America, and Hyundai America Technical Center Inc. support centralization and suggest the Eastern District of Wisconsin as the transferee district or, alternatively, the Northern District of Illinois or the Northern or Southern Districts of Ohio.

After considering the argument of counsel, we find that centralization of these actions in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs in all actions purchased or leased Kia and Hyundai branded vehicles that they allege are defective because the cars lack engine immobilizer technology, which prevents them from being started unless a code is transmitted from a unique smart key. The vehicles at issue include 2011-2022 Kia vehicles and 2015-2022 Hyundai vehicles that were equipped with traditional "insert-and-turn" steel key ignition systems. Plaintiffs argue that vehicles that lack immobilizer technology are particularly susceptible to being stolen. All actions can be expected to share factual questions surrounding the marketing, sale and manufacture of these vehicles and defendants' knowledge of the alleged defect. Centralization offers substantial opportunity to streamline pretrial proceedings (particularly with respect to class certification) and reduce duplicative discovery and conflicting pretrial obligations.

While any number of proposed transferee districts could handle this litigation ably, we are persuaded that the Central District of California is the appropriate transferee district for these cases. The main defendants are based in Orange County, California, and centralization in this district should be convenient for their witnesses. Indeed, we have centralized past MDLs involving the Hyundai and Kia defendants in this district, in part, because defendants Kia America Inc. and Hyundai Motor America are based there. *See, e.g.,* MDL No. 2424 – *In re: Hyundai and Kia Fuel Economy Litigation* and MDL No. 2905 – *In re ZF-TRW Airbag Control Units Products Liability Litigation.* If needed, the Central District of California offers an accessible district to any witnesses or defendants that are based in Korea. The Central District of California, where fifteen cases are pending (almost a third of the 49 total actions and potential tag-along actions), offers a relatively underutilized transferee district with only four pending MDL dockets. By selecting Judge James V. Selna to preside over this litigation, we are selecting a skilled jurist who is well-versed in the nuances of complex and multidistrict automotive litigation to steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable James V. Selna for coordinated or consolidated proceedings.

- 3 -

IT IS FURTHER ORDERED that the caption of this litigation is changed from "In re: Kia Hyundai Vehicle Theft Litigation" to "In re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation" to reflect the substance of this litigation more precisely.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | |

IN RE: KIA HYUNDAI VEHICLE
THEFT LITIGATION                                                                  MDL No. 3052

## SCHEDULE A

<u>Central District of California</u>

YEGHIAIAN, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 8:22-01440
MCNERNEY, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 8:22-01548

<u>District of Colorado</u>

JONES v. KIA AMERICA, INC., ET AL., C.A. No. 1:22-02123

<u>Middle District of Florida</u>

PUE, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 6:22-01440

<u>Northern District of Illinois</u>

LOBURGIO, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 1:22-04071

<u>Southern District of Iowa</u>

BRADY, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 4:22-00252

<u>District of Kansas</u>

SIMMONS, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 2:22-02288

<u>Eastern District of Kentucky</u>

DAY v. KIA AMERICA, INC., ET AL., C.A. No. 5:22-00202

<u>Western District of Missouri</u>

BENDORF, ET AL. v. KIA AMERICA, ET AL., C.A. No. 4:22-00465
BISSELL v. HYUNDAI MOTOR AMERICA CORPORATION, ET AL.,
     C.A. No. 4:22-00548

<u>District of Nebraska</u>

HALL v. KIA AMERICA, INC., ET AL., C.A. No. 4:22-03155

-A2-

**IN RE: KIA HYUNDAI VEHICLE**
**THEFT LITIGATION** MDL No. 3052

    <u>Southern District of New York</u>

MOON v. KIA AMERICA, INC., ET AL., C.A. No. 1:22-07433

    <u>Northern District of Ohio</u>

SLOVAK, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 3:22-01432

    <u>Southern District of Ohio</u>

FRUHLING, ET AL. v. KIA MOTORS AMERICA, INC., ET AL., C.A. No. 1:22-00451

    <u>Southern District of Texas</u>

BODIE, ET AL. v. KIA AMERICA, INC., ET AL., C.A. No. 4:22-02603

    <u>Eastern District of Wisconsin</u>

MARVIN v. KIA AMERICA, INC., ET AL., C.A. No. 2:21-01146